This document contains some pages that are of poor quality at the time of imaging.

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 17 2015

Abel Acosta, Clerk

WR-96,968-14

Clerk,

please file this mandamus and present it to the court.

I also request notice that you receive it and filed it. Thank you

Regards

Robert troy mcclure
#1420457
2665 prison Rd #1
lovelady, TX 75851

# IN THE COURT OF CRIMINAL APPEALS
## AT AUSTIN

IN RE: ROBERT TROY MCCLURE,
relator

(In Connection to CR-2005-234-b)
Comal County;

# PETITION FOR WRIT
# OF MANDAMUS

TO THE COURT OF CRIMINAL APPEALS

NOW COMES, robert mcclure who being prose, makes the following petition for the following reasons:

# STATEMENT OF CASE

The purpose of this petition is to address a miscarriage of justice. This court has made error by not recognizing U.S. Supreme court authority and the courts own controlling authorities. The court has also been complicate by the District courts official misconduct that is directly related as to why my habeas petition continues to be ignored by this court. I duly advised this court in my motion for EN BANC hearing that was pending at the time of my habeas corpus was active, that the district court is without proper jurisdiction pursuant to Texas Constitution article 5 § 11. Because I have brought several federal due process of law violations against the district court who, is the reviewing court of my habeas corpus.

This court did not rule upon my motion.

Furthermore, in my habeas petition. I duly advised this court that it is based on actual innocence. And that for the Ten years I have been incarcerated Comal county District clerk and District court Judge have been deliberately denying ~~den~~ All access to the Reporters Record, effectively impeding my

abilities at self-representation and in doing so to bring out all grounds for relief. In addition to that. This court placed a heavy burden upon me by requiring me to provide a record for review.

The court reporter of my trial retired. I was denied all contact information by the District clerk and being in prison. I have no means to contact them. I duly advised this court of this fact a long time ago.

As it were, I found some one to pay for a copy of my reporters record from the state law library in november 2013. This lead me to file another writ of habeas corpus, cause no. CR-2005-234-b; writ # 68,968-13. The writ contained facts that demonstrated why I was unable to present my claims in full. (Lack of reporters record; denial of access to it) This writ contained (33) independent grounds for relief. I provided ample documentary evidence as attachments, a 50 page memorandum of law citing U.S. supreme court authorities that allow me to file another writ under actual innocence. I provided exact record locations that prove up all claims and I provided the reporters record to this court. Yet, this court refuses to review it. I finally meet my burden after all these years and I'm denied due process of law.

3

This court has a duty to listen too me. To conduct an independent investigation that would allow me to present my evidence to prove up my claims. But this court continues to be deaf and blind to my outcries of injustice.

This is the same court that refused to listen to outcries of injustice from a man on death row by the name graves. Twice this court ordered his death. Yet, now he is free and living life in houston because he too was innocent.

That case, created the "integrity unit" to investigate case's that have claims of misconduct. I duly wrote this unit via, mail but it was sent back to me. This office refused to even accept my letter. But the state law entitles me to access to public officials.

An american lawyer once asked a question in a senate hearing, and I'm afraid I must ask it of you... Have you, this court no sense of decency, A sense of duty?

You think I'm a liar. You believe that a state judge is beyond reproach. But are judges god? Are they not subjected to human emotion. That you dismiss me out of hand, that it is inconceivible that a prosecutor and district judge willfully violated my federal rights to a fair trial

To obtain a wrongful conviction all out of retaliation of reporting to the Texas rangers civil right violations prior to my trial. That lead up to an investigation into the acts of the county Jail and district Judge.

If this court has a sense of duty. Than I am asking (you) to grant review. To give me (1) hour of your time, obtain my habeas corpus, reporters record and review it. There, you will learn of my innocence. There, you will learn that you have been lied to by the district court Judge. There, you will learn that your trust, your blind faith was violated by this district Judge.

Let us work together, And end this long dispute. Prove me to be a liar, if you think I am.

But know this. I have taught my self criminal law in the Ten years I've been incarcerated. I know what constitutes federal violations of the constitution. And my habeas corpus proves my innocence, collusion between the Judge and prosecutor. And when its five after five, I have proven I deserve reversal. But the real question to you. is, Are you strong enough in your convictions as a Judge to do what is Just, and right? Because what you will find in my

5

habeas corpus and the reporters record will be extreamely troubling to you. Ask your self one question. If I'm a liar then why have I never been proven to be one? This court has always simply ignored me.

1) To begin, mandamus relief must entail (1) a clear abuse of discretion or the violation of a duty imposed by law. And,(2) the absence of a clear and adequate remedy at law. Walker v Packers, 827 S.W. 2d 833, 839-40 (Tex.1992) (orig.proceeding); In re Columbia med. ctr. of las colinas, 290 S.w.3d 204, 207 (Tex.2009) (orig.proceeding). To be entitled to mandamus relief, a relator must show both that he or she has no adequate remedy at law to redress the alleged harm and that he or she seeks to compel a ministerial act. State ex.rel.Young V. Sixth Judicial Dist. Court of appeals at texarkana, 236 S.w. 3d 207,210 (Tex.-Crim.App.2007) (orig.proceeding). An act is ministerial if it constitutes a duty clearly fixed and required by law. State ex rel curry v. bray, 726 S.w. 2d 125, 128 (Tex crim. App.1987) (orig.proceeding)

6

2)     The District court, the 22nd Judicial District within Comal County is with out proper jurisdiction. The district court is deliberately impeding correct review by concealing facts that would if known by this court would mandate a full reversal.

    Frist, the district court slandered me in the finding's of fact in Cause no. CR-2005-234-d, Then concealed facts and reported false facts that brought about a miscarriage of Justice.

    Second, the district court then cited me for abuse of the writ. But still reviewed the merits of my habeas corpus, However, this court has stated: "Abuse of writ the Judge should not review application on its merits." ... "But forward transcripts". see, Exparte Dora, 548 S.w.2d. 3d (Tex. Crim. App. 1977)

    Third, I have been repeatedly filed motions to recuse by which go ignored or returned to me by the clerk. For Years, I have been denied all access to the reporters record. The reporter retired and being in prison. I can not contact him or look him up. All motions for transcripts go ignored. At no time have I been given a copy or access of the reporters record.

3) For those reason's of denial of access to the reporters record to effect my habeas corpus. I filed a civil suit in Comal County Court At law #1, Cause no. 2013 CV A O 389, robert mcclure vs Comal county, Comal County District Clerk, and Comal County District Court of the 22nd Judicial District.

I sought an injunction. However, unknown to me at the time of my litigation that the presiding judge Judge richardson is a personal friend who, socialize together with the defendant Judge I was seeking an injunction against. At the hearing, I was not allowed to attend. The Judge dismissed my suit stating I Can not seek an injunction under 42 §1983 civil right complaint. This is not true. And I was not allowed to appeal. The County clerk refused to accept my mail. And the presiding Judge knew of this but did nothing.

4) I am without any outside support due to being in prison. For years I sought help in ~~purchaing~~ purchasing a copy of the reporters record from the state law library. In 2013, november I found a fellow inmate to spend the $85.00 ⁰⁰. In march 2014 I received a copy of the record.

8

5)     The record reveals official misconduct on many levels. I concluded I have (33) grounds that legally entitle me to relief. Several of those grounds are directly against the District court judge who, is the reviewing habeas judge.

6)     The district court judge is without proper jurisdiction. I duly asserted my legal right to motion the court to conduct the habeas review EN Banc under the Tex. rules of appellate procedure, rule 76. This court did not rule or consider the motion. This motion addressed the legal reasons the district court judge is without proper jurisdiction.

"Texas constitution article 5 § 11, states:
"NO Judge shall sit in any case where he or she may be interested. Judges shall disqualify themselves in all proceedings in which they have an interest in the subject matter in controversy. The interest that disqualifies a Judge is an interest, however small, which rests on a direct pecuniary or personal interest in the result of the case. "…" If a Judge is disqualified, the Judge is without jurisdiction to hear the case; Therefore, any judgment rendered is <u>void</u> and <u>nullity</u>."

9

7)    The review of my habeas corpus by the district Judge violated due process, violated texas Constitution article 5 § 11.

The district judge slandered me as I have proven in my petition under 11.07, Cause no. CR-2005-234-**b** I have proven the blastant violations of federal law from the prosecutor, and district judge. I have proven that the initial findings of fact in CR-2005-234-**2** were false. And I have proven my innocence.

8)    Upon myself meeting my heavy burden of providing this court the reporters record that establishes proof by the preponderance of the evidence that the facts entitle me to relief. This court had a legal duty to determine if the record supports the trial judges recommendation. Exparte Young, 479 S.w. 2d 45 (Tex. Crim. App. 1972) And, Exparte Richardson, 70 S.w. 3d 865, 870 (Tex. Crim. App. 2002)

Furthermore, when the trial court makes findings of fact without a hearing. This court legally had a duty to me to determine if the fact finding procedure was adequate for reaching reasonably correct results. See, Exparte Davila, 530 S.w. 2d 543 (Tex. Crim. App. 1975)

10

9)      The current petition for habeas corpus, CR-2005-234-b was filed under actual innocence.

Under the U.S. Supreme Court authorities of Schlup v. Delo, 115 S.ct 851 (1995), and Murray v. Carrier, 477 U.S. 478, 106 S.ct. 2679 (1986) These controlling authorities legally entitle me to re-file my habeas for review. I provided a 50 page memorandum of law establishing my legal right. I also provided reporter record citations exact locations that prove all (33) grounds for relief.

10)      In reviewing the habeas corpus finding's of fact, and recommendation. It states that my (33) grounds have already been presented or could have been presented. This is a falsehood. The recommendation also stated that my petition does not contain sufficient specific facts establishing that by a preponderance of the evidence, but for a violation of the United States constitution, no rational juror could have found me guilty beyond reasonable doubt. All falsehoods. I provided ample evidence, But the trial judge has a personal interest in the subject matter, To conceal his collusion with the prosecutor to obtain a wrongful conviction.

11

11)        I have provided the district courts order, See, attachment A.

In my petition for writ of habeas corpus, I duly addressed:

A) tried on allegations not listed in the indictment

B) no evidence, as police established I did not robb my roommate for his car. thus, motive to prosecute me on other allegations not listed in the indictment.

C) Prosecutor misconduct ie, with held favorable credit card records that prove complainant picked up a gold watch at a store 17 days after our fight. Then 8 day's later goes to the police to report credit card fraud. And claimed that purchase of the gold watch was un- authorized and did not pay for it; Destroyed blood evidence after I requested it to be tested to compare my D.N.A. as it was self-defense and my blood was left at my home from my injuries. D.A. used perjured testimony of the complainant. First he accuses me of stealing his duplicate credit card. He said he didn't get it back. But on cross he recants that prior accusations and say's he's not saying I had the duplicate credit card. There is a video tape, States exhibit #6. It shows the complainants bedroom, on his dresser are his credit cards.

12

There are a slew of ineffective assistance of counsel grounds. The trial court allowed the D.A. to broaden the jury charge to convict me of allegations of credit card theft by which was not listed in the indictment. Allowed the D.A. to instruct the jury they can consider finding me guilty based on my past misdemeanor conviction for resisting arrest. The trial court denied me my right of a jury instruction on self-defense. Incidently, the video tape shows where the police took the blood samples. At the drive way. I left in my car after the altercation.

I established all (33) grounds through the reporters record. I proven my innocence. I dont know how much more clear I can be. Read my habeas corpus memorandum of law and verify it via, reporters record. Its all on file with you.

12) This review, I am legally entitled to have access to state courts and public officials. Tex. gov't code §§ 492.013(a); 495.025; 499.002(a)(14). If this court has no ill ward feelings towards me. Then recognizing my right to be heard should be accepted. Texas constitution Article 1 § 10.

13

13)     The court of criminal appeals has power to entertain original jurisdiction over my habeas corpus CR-2005-234-<u>b</u>. The court will take such jurisdiction in extraordinary case's; As where the proceedings is <u>void</u> and appeal with not be an adequate remedy or where the petitioner has been un successful in obtaining relief from trial Judge. Exparte norvell, 528 S.W.2d 129 (Tex. Crim. App. 1975)

14)     The supreme court has addressed that mandamus will issue in exceptional circumstances amounting to a Judicial usurpation of power. In re's volkswagen of american, Inc. 545 ~~F.2.~~ F.3d 304, 309, quoting Cheney v. u.s. Dist. ct, 542 u.s. 367, 380, 124 S.ct. 2576, 159 L.Ed.2d. 459 (2004)

    This court owes me a legal duty under both Schlup V Delo, 115 S.ct. 851 (1995) and murray V. Carrier, 477 u.s. 106 Sct. 2674 (1986) The trial Court is in violation of the Texas constitution altical 5 §11. And this violates my 14th amendment u.s. constitutional right. American Ry. Express V. Kentucky, 273 u.s. 269, 273, 47 Sct 355, 71 L.ed 639 (1927)

<u>PRAYER</u>

Grant review and conduct independent review of my habeas CR-2005-234-<u>b</u>

Respectfully
Robert mcclure
1420457

14

**Trial Court Cause No. CR2005-234**

| | | |
|---|---|---|
| EX PARTE | § | IN THE TEXAS COURT |
| ROBERT TROY MCCLURE | § | OF CRIMINAL APPEALS |

## ORDER ON POST CONVICTION APPLICATION FOR WRIT OF HABEAS CORPUS, ARTICLE 11.07

On the ___*30th*___ day of ___*July*___, 2014 came on to be heard Applicant ROBERT TROY MCCLURE's Application for Writ of Habeas Corpus. The Court having reviewed the Application and the Court's file is of the opinion that the Application for Writ of Habeas Corpus is a subsequent writ pursuant to Texas Code of Criminal Procedure article 11.07 Section 4. The information contained herein has or could have been presented in Applicant's earlier writs, and the Application does not contain sufficient specific facts establishing that by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found Applicant guilty beyond a reasonable doubt. Applicant is not entitled to any further relief. Therefore, relief should be denied. Furthermore, this Court notes that Applicant ROBERT TROY MCCLURE has filed several writs of habeas corpus, and has been declared a vexatious litigant in the 12th Judicial District Court of Walker County, Texas in Cause Number 26040. *McClure v. Texas Dep't of Criminal Justice*, No. 10-12-00481-CV, 2014 WL 813753 (Tex. App.—Waco Feb. 27, 2014, *pet. filed*) (mem. op.).

The Court therefore recommends that ROBERT TROY MCCLURE's

Application for Writ of Habeas Corpus under article 11.07 be DENIED.

_____

**JUDGE PRESIDING**